### THE HELEN L.

### RED BLUFF BAY FISHERIES, Inc., v. JURJEV.

#### No. 9383.

Circuit Court of Appeals, Ninth Circuit.

Feb. 28, 1940.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from an order in a limitation proceeding dissolving an injunction restraining the prosecution of a suit in the state court.

Appellant was charterer and operator of the fishing vessel "Helen L". Appellee, one of the crew, was injured while going aboard the vessel. He brought suit in the Superior Court of the State of Washington against appellant and the owner to recover damages on allegations that his injury was the result of their negligence. The defendants answered, and later appellant petitioned the court below for exemption from or limitation of liability,[1] filing an ad interim stipulation for the value of its interest in the vessel and pending freight. The admiralty court issued a restraining order and a monition citing all persons to appear and file claims in the limitation proceeding.

Appellee excepted to the petition on the ground (1) of insufficient facts, and (2) on the further ground that the petition sought to limit liability to the value of the interest of the petitioner as charterer, and not to the value of the vessel. The court overruled the first exception but sustained the second, ordering petitioner to file an ad interim stipulation for the alleged full value of the ship and its freight pending. Appellant complied with this order and took no appeal from it.

The time for filing claims in the limitation proceeding expired and no claim other than that of appellee was presented. Thereafter, on appellee's motion, the court vacated the order restraining the further prosecution of the suit in the state court, with leave to appellant and claimant to litigate in that court only the questions of "(1) whether defendant there is liable, and (2) what the whole value of the vessel and pending freight is, and not the question of whether the defendant there shall surrender all or a part of such whole value, this court however reserving jurisdiction of the petition herein to limit liability for the purpose of further considering the same should petitioner's right to limit be hereafter questioned." The order recites the appearance of appellee and an admission by his proc-

Jones & Bronson and H. B. Jones, Jr., all of Seattle, Wash., and Carroll Single, of San Francisco, Cal., for appellant.

Sam. L. Levinson, of Seattle, Wash., for appellee.

[1] R.S. §§ 4283, 4284, 4285, 4286, and the acts amendatory and supplementary thereto, 46 U.S.C.A. §§ 183–186.

tor of the right of appellant to limit its liability to the value of the vessel and freight pending. The appeal is from this order.

Appellee has moved for a dismissal on the ground that the order is interlocutory and is not appealable under § 129 of the Judicial Code, 28 U.S.C.A. § 227. So far as pertinent this statute, as amended by the act of April 3, 1926, 44 Stat. 233, provides that "in all cases where an appeal from a final decree in admiralty to the circuit court of appeals is allowed an appeal may also be taken to said court from an interlocutory decree in admiralty determining the rights and liabilities of the parties: Provided, That the same is taken within fifteen days after the entry of the decree * * *."

■ We need not inquire whether the order is a final decision within the meaning of § 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), or whether, in the alternative, it is to be deemed an interlocutory order. It is final in the sense that it terminated the proceeding in the court below, except in the "possible but unlikely" event of that court's having to resume jurisdiction; and, subject to the same exception, it determined any right appellant may have had to litigate the controversy in the admiralty court. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212; The Lotta, D.C., 150 F. 219; Charles Nelson Co. v. Curtis, 9 Cir., 1 F.2d 774, 780; The Silverpalm, 9 Cir., 79 F.2d 598, 600. The order is appealable and the motion to dismiss must be denied.

■ The case on the merits is controlled by Langnes v. Green, supra. But one claimant appeared in response to the monition and it is not contended that there may be others. The right to limit liability was conceded. Under these circumstances a refusal of the admiralty court to permit the claimant to pursue his common law remedy in the state tribunal would have been a clear abuse of discretion. Langnes v. Green, supra; Ex parte Green, supra; § 24(3) of the Judicial Code, 28 U.S.C.A. § 41(3).[2]

■ Appellant's only argument worthy of attention is that the order appealed from "seems to contemplate something in the nature of two special verdicts of the superior court jury, which must then poise in mid-air in an inchoate form short of judgment". It is urged that the terms of the order are "bewilderingly ambiguous", and that the order has the effect of "straddling" the litigation between the state and federal courts. The argument is predicated on the language heretofore quoted. The contention appears to be that, while the order authorizes the state court to determine whether the defendant there is liable, it does not permit of a determination of the amount of the liability or of the entry of a judgment therefor.

The criticism is captious. Obviously, the court below was familiar with the principle of the Lotta and Aloha cases, supra; and, while the order is not happily phrased, the court undoubtedly entertained the purpose of permitting the injured seaman to pursue his common law remedy, hampered to the extent only of the limitation on the liability of the opposing party. We so construe the order.

■ The court apparently thought it advisable, out of an abundance of precaution, expressly to remove from the inquiry in the state court any issue there framed concerning appellant's claim of right to limit its liability to a sum less than the whole value of the vessel. That point the admiralty court had already determined adversely to appellant, whether rightly or wrongly we may not inquire; for the decision was neither appealed from nor assigned as error in the appeal that was taken, hence it is not before us for review. See Rule 3 of the Rules of this court in Admiralty.

We need add only that, after the dissolution of the restraining order, appellee filed in the state court a reply admitting the right of appellant to limit its liability to the value of the vessel and freight pending. Ex parte Green, supra.

Affirmed.

---

2 This statute gives the district courts jurisdiction "of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it."