Arthur **ANDERSON** and Clatsop Fisheries, Inc., an Oregon corporation, Appellants,

v.

Gene R. **NADON**, Dorothy Irene Nadon and Jataboro Corporation, a corporation, Appellees.

No. 20428.

United States Court of Appeals Ninth Circuit.

March 30, 1966.

Rehearing Denied May 11, 1966.

Floyd A. Fredrickson, Lloyd W. Weisensee, of Gray, Fredrickson & Heath, Portland, Or., for appellants.

Kenneth Roberts of Mautz, Souther, Spaulding, Kinsey & Williamson, Rockne Gill, Portland, Or., Jerald S. Weigler, of Krause, Lindsay & Nahstoll, Portland, Or., for appellees.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge:

This is an admiralty suit for exoneration from or limitation of liability for damages resulting from a collision at sea. Petitioners for this relief sought and obtained an injunction prohibiting four named respondents from commencing a state court action to recover such damages. Two of the respondents moved for an order dissolving the injunction. The motion was denied whereupon those two respondents took this appeal.

The collision occurred upon the high seas, on December 6, 1964, between two fishing vessels, the F/V EAGLE and the F/V BETTY. The BETTY sank. On June 4, 1965 the owners of the EAGLE, Gene R. Nadon, Dorothy Irene Nadon, and Jataboro Corporation, filed their petition instituting this proceeding.[1] Named as respondents were Clatsop Fisheries, Inc., (Clatsop), an Oregon corporation, which had owned and operated the BETTY, Arthur Anderson, who was the captain of the BETTY at the time of the collision and who is President of Clatsop, and Riley Linville and Uno Winters, who were members of the crew of the BETTY at the time of the collision.

Petitioners alleged that they had been advised that Anderson and Clatsop were claiming damages in the sum of $60,000 for the loss of the BETTY, and $400 for the loss of her fish catch. They alleged that Linville and Winters had also advised that they were claiming damages in excess of $1,000 for loss of personal effects, wages and other injury. Petitioners alleged that, immediately after the collision the value of the EAGLE was $32,000, and that she then had on board a catch of fish worth $2,541.28.

As a part of their petition, petitioners submitted their ad interim stipulation for value in the amount of $35,000, indicating a willingness to file a formal stipulation supported by sureties. They also alleged that the loss and damage resulting from the collision was occasioned without fault on the part of the EAGLE, her master, crew, or petitioners, and without their privity or knowledge. Petitioners asked for a determination that they are not liable to any extent. However, should it be determined that any of them are liable, petitioners asked that such liability be limited to the value of their interest in the EAGLE at the end of the voyage in question, and her pending freight.[2]

In response to monitions which were issued and served upon them, respondents Anderson and Clatsop appeared and filed a joint claim and answer. Respondents Linville and Winters made no appearance. In their answer, Anderson and Clatsop denied the critical allegations of the petition, particularly the allegations that petitioners are entitled to exoneration from or limitation of liability, and that the true value of the EAGLE is $32,000. They also alleged that, on the date of the collision, the EAGLE was unseaworthy, and her master and crew were negligent, all with petitioners' privity and knowledge. It was further asserted that this unseaworthiness and negligence were the proximate causes of the loss of the BETTY, her cargo, the personal effects of the master and crew, and any resulting injuries. Respondents claimed damages of approximately $90,000.

At the time of the filing of their claim and answer, Anderson and Clatsop also filed a combined ex parte stipulation and motion for the purpose of obtaining an order dissolving the injunction referred to above, so as to permit Clatsop to file

1. The Nadons are residents of Clatsop County, Oregon, and Jataboro Corporation is an Oregon corporation with its principal place of business in that state. The EAGLE is within the District of Oregon.

2. The allegations and prayer of the petition were thus designed to give application to the Limitation of Liability Act, Rev.Stat. §§ 4281–4289 (1875), as amended, 46 U.S.C. §§ 181–196 (1964). Under this Act, and particularly 46 U.S.C. § 183, the liability of the owner of any vessel for any loss, damage, or injury by collision, done, occasioned, or incurred without the privity or knowledge of such owner shall not, with exceptions not here pertinent, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

a suit against petitioners in an Oregon court to recover damages for the loss of the BETTY. They therein stipulated and agreed, among other things: (1) that Anderson has a claim for loss of personal effects in the amount of $650, but has no claim for personal injuries, (2) that while Linville and Winters suffered minor personal injuries and loss of personal effects, neither of them will make a claim herein nor initiate any proceedings against the EAGLE or her owners or operators,[3] (3) that Clatsop, as trustee of the claims of Linville and Winters, has advanced the amount of their respective claims,[4] (4) that in the event the court allows Clatsop to file a state court suit against petitioner to recover damages for the loss of the BETTY, then respondents will not thereafter, in the limitation proceeding, claim as *res judicata* the personal liability of petitioners established in such state court action, and (5) that if Clatsop is permitted to sue in the state court respondents will not seek to enforce and collect any judgment against petitioners therein obtained, except in and through the limitation proceedings.

When the motion was argued, Anderson and Clatsop additionally offered to file a complete disclaimer of all claims with the exception of the claim for the loss of the BETTY, if the court felt this to be necessary in order for respondents to obtain dissolution of the injunction. After the district court took the motion under advisement, but before it acted thereon, Clatsop filed an ex parte stipulation, designated a "priority consent," agreeing that any claim filed on behalf of Linville, Winters or Anderson, as such claims may be fixed by the court, should be deducted and paid out of available funds before the payment of any judgment recovered by Clatsop in its proposed state court action.

Appellants Anderson and Clatsop argue that under the circumstances related above, the district court erred in denying their motion to dissolve the injunction.

■ The judicial power of the United States extends to all cases of admiralty and maritime jurisdiction. Art. III, § 2 of the Constitution. Under the Judiciary Act of 1789, original jurisdiction of such cases is vested in the district courts, exclusive of the courts of the states, " * * * saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1) (1964). Had no limitation proceeding been interposed, therefore, Clatsop would have been entitled to prosecute, in an appropriate state court, its *in personam* claims against petitioners, notwithstanding the fact that such claims are cognizable in admiralty. See Madruga v. Superior Court, 346 U.S. 556, 560, 74 S.Ct. 298, 98 L.Ed. 290.

■ But here a proceeding to limit liability was instituted in the district court by the owners of the EAGLE. In that proceeding Anderson and Clatsop, appearing as claimants, question the right of the owners to limit liability under the facts of this case. The determination of that issue is cognizable only in that district court proceeding. Ex Parte Green, 286 U.S. 437, 440, 52 S.Ct. 602, 76 L.Ed. 1212. Anderson and Clatsop also question the valuation petitioners have placed upon the EAGLE. We need not decide whether the determination of that issue is cognizable only in the district court proceeding, since appellants here concede that this issue should be

---

3. This recital was supported by the signed and notarized disclaimers of Linville and Winters, attached to the stipulation and motion, wherein each recited that while he had made a claim against the owner of the EAGLE for his damages, he has now been fully paid for any such damages that he makes no claim against the EAGLE, her owners or operators in these proceedings, and he promises and agrees that he will not in the future make any claim against them in any court or proceeding on account of the collision in question.

4. This statement is supported by individual receipts and releases signed by Linville and Winters. They show that Linville received $773.27 from Clatsop and Winters received $885.67 from that company.

decided by that court. But compare Red Bluff Bay Fisheries, Inc. v. Jurjev, 9 Cir., 109 F.2d 884, with George J. Waldie Towing Co. v. Ricca, 2 Cir., 227 F.2d 900, 901.

The question then arises of how to reconcile the exclusive jurisdiction of the district court to adjudicate the limitation issues with what would otherwise be the right of Clatsop, under the "savings to suitors" clause, to prosecute its *in personam* claim for the loss of the BETTY in an Oregon court. In other words, should the district court insist upon deciding the whole case, including the merits of the Clatsop claim, thus depriving Clatsop of its state remedy? Or should it hold the limitation proceeding in abeyance pending prosecution of the Clatsop claim in the state court after which the limitation issues, if not then moot,[5] and the merits of the Anderson claim and those claims asserted by Clatsop as assignee of the claims of Linville and Winters would be decided by the district court? The district court chose the first of these courses.

■ A prime purpose of the Limitation Act is to provide a concourse for the determination of liability arising out of marine casualties where asserted claims exceed the value of the vessel, so that there can be an effective marshaling of assets. See Maryland Casualty Co. v. Cushing, 347 U.S. 409, 413–418, 74 S.Ct. 608, 98 L.Ed. 806. See, also, Lake Tankers Corporation v. Henn, 354 U.S. 147, 153, 77 S.Ct. 1269, 1 L.Ed.2d 1246; Petition of Moran Transportation Corp., 2 Cir., 185 F.2d 386, 389.

In recognition of this purpose it is generally held that when there are a multiplicity of claims, and they exceed the limitation fund as asserted by the owner, the district court should adjudicate the entire case, restraining independent state damage actions. Pershing Auto Rentals Inc. v. Gaffney, 5 Cir., 279 F.2d 546, and cases there cited; Gilmore and Black, Admiralty, § 10–17 (1957).[6]

■ Where there is only one claim then, even though the limitation fund is inadequate, the claimant is entitled to proceed with that claim in a state action providing district court jurisdiction to adjudicate the right to limit liability is reserved and protected. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Red Bluff Bay Fisheries, Inc. v. Jurjev, 9 Cir., 109 F.2d 884; see, also, Pennell v. Read, 5 Cir., 309 F.2d 455, 456. As before noted, we need not decide whether the right to adjudicate the issue of valuation must also be protected and reserved since appellants here concede exclusive district court jurisdiction as to this issue.

Appellees argue that under no circumstances is a claimant permitted to proceed in a state court unless he concedes the owner's right to limit liability. They rely upon language, quoted in the margin, from the opinion in Ex Parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212, which was the sequel to Langnes v. Green.[7]

■■ We do not agree. In Ex Parte Green, the claimant, after being permitted to sue on his claim in a state court, raised the issue in the state court

---

5. A state court award for the loss of the BETTY might be so small that adding the personal claims, all would come within the owners' conceded value of the EAGLE and pending freight, in which event neither the right to limit liability nor the valuation of the EAGLE would need to be determined.

6. An exception was made in Petition of Moran Transportation Corp., supra, where, although there were two claimants and an inadequate fund, one claimant was allowed to proceed in a state court. That claimant, however, filed a consent that the other claim, as it might be fixed by the district court, should be deducted and paid out of the available funds before the payment of any judgment recovered in the state court action.

7. "It is clear from our opinon that the state court has no jurisdiction to determine the question of the owner's right to a limited liability, and that, if the value of the vessel be not accepted as the limit of the owner's liability, the federal court is authorized to resume jurisdiction and dispose of the whole case." 286 U.S. 437, 439–440, 52 S.Ct. 602, 603.

of the owner's right to limit liability. The claimant was restrained from continuing the state action if he insisted on putting in issue in that suit the owner's right to limited liability. But, as the Second Circuit said in Petition of Red Star Barge Line, 2 Cir., 160 F.2d 436, 437–438, in analyzing Ex Parte Green, the lifting of the injunction was not conditioned upon his filing a concession of the right, but only upon his withdrawal of that issue from litigation in the state court. See, also, Great Lakes Dredge & Dock Co. v. Lynch, 6 Cir., 173 F.2d 281, 283; Gilmore and Black, Admiralty, § 10–19 (1957).[8]

There is no doubt that, at the outset of these proceedings, appellees were confronted with four separate claims. It was alleged in the petition for exoneration from or limitation of liability that claims were being asserted by Anderson, Clatsop, Linville and Winters. In connection with their motion to dissolve the injunction, however, appellants submitted disclaimers and releases signed by Linville and Winters. These disclaimers, which create an estoppel against them, taken with the fact that neither of these crewmen appeared and made proof of any claim as required by the monitions duly served upon them and are therefore now in default, remove Linville and Winters as actual or prospective claimants in their own right. See Langnes v. Green, 282 U.S. 531, 540, 51 S.Ct. 243, 75 L.Ed. 520.

According to the answer and releases, however, Clatsop as "trustee" for Linville and Winters, would prosecute their claims against the owners of the EAGLE. In effect, these crewmen have, insofar as legally permissible under the law of Oregon, assigned their claims to Clatsop for prosecution. Insofar as Clatsop, Linville and Winters are concerned, therefore, Clatsop would ordinarily be regarded as a single claimant, seeking recovery for three items of damage—the loss of the BETTY, and the assigned claims of Linville and Winters.

■ But there is a further complication here which must be taken into account. Clatsop proposes to prosecute its claim for the loss of the BETTY in a state court, and its claims as assignee of Linville and Winters in the district court limitation proceeding. Thus in practical effect, appellees will be faced with two court proceedings to determine the totality of Clatsop's claims. In these circumstances we think it fair to regard the Clatsop claim as in effect two claims. There is, in addition, the claim of Anderson, which has not been assigned to Clatsop, and which he apparently intends to prosecute in the limitation proceeding.

8. Appellees also make the further contention that appellants are not entitled to proceed in the state court without first conceding the adequacy of the valuation of the EAGLE as stated in the stipulation for value filed by petitioners in the limitation proceeding. Appellants have conceded the exclusive jurisdiction of the district court to determine this issue, but have not agreed to appellee's valuation figure.

Appellees have cited cases in which the adequacy of the valuation was conceded —Petition of Moran Transportation Corp., 2 Cir., 185 F.2d 386, 387; Petition of Red Star Barge Line, 2 Cir., 160 F.2d 436, 437. It is also true that it has apparently become a common practice to concede valuation when requesting dissolution of such an injunction. See Gilmore and Black, Admiralty, § 10–19, page 695. However, these authorities do not support the proposition that such a concession is a necessary prerequisite to the maintenance of a state court action. We do not deem a concession of this nature essential to the protection of appellees' right to a federal limitation proceeding. The fact that appellants have reserved the right to contest the adequacy of the stipulation for value in the limitation proceeding does not bar them from initiating a state court action. See George J. Waldie Towing Co. v. Ricca, 2 Cir., 227 F.2d 900, 901, where it was held, in effect, that all that was necessary was a concession that all questions of limitation of liability are reserved for the district court; and W. E. Hedger Transportation Corp. v. Gallotta, 2 Cir., 145 F.2d 870, where the right to limit was conceded but admiralty jurisdiction was maintained to settle the valuation issue.

We therefore conclude that this proceeding involves multiple claims.

But appellants argue that, even assuming that there are multiple claims here, the "priority consent" which it filed brings this case within the exception, referred to in note 6, above, sanctioned in Petition of Moran Transportation Corp., 2 Cir., 185 F.2d 386.

■ We have been unable to discover whether this ruling in Moran, which in any event involved only two claims, has received general acceptance. Rather than rest our decision upon this case, we think it preferable to accept appellants' alternative proposal for resolving the problem. As indicated above, appellants offered in the district court to abandon all of the individual claims, leaving only the claim of Clatsop for the loss of the BETTY. They have renewed that offer on this appeal. We think that if this is done there can be no doubt but that this will be reduced to a single claim limitation proceeding.[9]

The stipulations pertaining to *res judicata* and non-enforcement of a state judgment appear to afford complete protection to the owner's right to obtain an untrammeled adjudication of the limitation issue in the district court, notwithstanding a prior state suit on the claims, if such a determination becomes necessary. Petitioners do not contend otherwise. See Gilmore and Black, Admiralty, § 10–19, at 695 (1957), and cases cited in note 84 therein.

We therefore hold that if, on the remand of this cause, Clatsop abandons on the record any claims asserted as trustee or assignee of Linville and Winters, and Anderson abandons on the record his personal claim, an exercise of sound discretion will require the district court to dissolve the injunction sufficient to enable Clatsop to proceed with an action in the courts of Oregon on its claim for the loss of the BETTY.

Reversed and remanded for further proceedings consistent with this opinion.

9. Petitioners question whether Clatsop can abandon any claim Linville and Winters may have to recover damages for personal injuries, arguing that, under Oregon law, a claim for personal injuries may not be assigned. Assuming this to be true, petitioners are nevertheless protected from the assertion of individual claims by Linville and Winters for personal injury damage because, as stated above, they are now estopped, and it is too late for the crewmen to assert such claims.