718 F.2d 959
 1984 A.M.C. 2792
 In a Cause for Exoneration from or Limitation of Liability.
Leslie W. NEWTON, an individual, and Ruth M. Newton, an
individual, both as owners of the D/F/V PACIFIC
LADY, Plaintiffs-Appellees,
v.
Katherine A. SHIPMAN, Personal Representative of the Estate
of Joel S. Shipman, Deceased, Claimant-Appellant.
 No. 83-3612.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 7, 1983.
Decided Oct. 20, 1983.
 
 J.P. Graff, Portland, Or., Paul N. Daigle, Seattle, Wash., for plaintiffs-appellees.
 Raymond J. Conboy, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for claimant-appellant.
 Appeal from the United States District Court for the District of Oregon.
 Before FLETCHER and ALARCON, Circuit Judges, and JAMESON,* District Judge.
 PER CURIAM:
 
 
 1
 Katherine A. Shipman has appealed from an order denying her motion to dissolve an injunction obtained by appellees, the owners of a vessel which sank, resulting in the death of Mrs. Shipman's husband. The injunction was issued in an action instituted by appellees pursuant to the Limitation of Liability Act, 46 U.S.C. Sec. 181-196 (1976). We reverse, concluding that the injunction should have been dissolved and Mrs. Shipman permitted to prosecute her claim under the Jones Act, 46 U.S.C. Sec. 688 et seq.
 
 
 2
 Factual Background and District Court Proceedings
 
 
 3
 Mrs. Shipman's husband was a crew member aboard Pacific Lady, a fishing boat owned by Leslie and Ruth Newton. Pacific Lady sank on March 25, 1980 and Mr. Shipman drowned. Pursuant to 46 U.S.C. Sec. 183, the Newtons petitioned the district court for limitation of liability for claims arising from the sinking. Limitation actions are admiralty proceedings within the district court's exclusive jurisdiction. 28 U.S.C. Sec. 1333 (1976). Following 46 U.S.C. Sec. 185 and Federal Rules of Civil Procedure, Supplemental Rule F(3) and (4), the district court enjoined the further prosecution of "any and all suits" arising from the sinking of Pacific Lady and required all claimants to present their claims in the limitation proceeding. Shipman answered by filing a claim in the limitation proceeding, seeking damages under the Jones Act, 46 U.S.C. Sec. 688 (1976) (amended 1982), for her husband's death and demanding a jury trial.
 
 
 4
 The district court denied Mrs. Shipman's request for a jury trial, ruling that "claimant's claim was filed within an admiralty proceeding, not as a separate action at law. She thus has no right to a jury trial." Shipman then moved the court to dissolve its injunction and permit her to file a separate action at law. The court denied the motion and Shipman appealed under 28 U.S.C. Sec. 1292(a)(1) (1976). No other claims were filed in the limitation proceeding within the time set by the district court, and the statute of limitations has since run against all other Jones Act claims.
 
 Standard of Review
 
 5
 In Universal Towing Co. v. Barrale, 595 F.2d 414, 420 (8 Cir.1979), the court, in reversing an order denying a motion to dissolve an injunction, recognized that the district court as a general rule has broad discretion in deciding whether to dissolve an injunction under the Limitation of Liability Act, citing Helena Marine Service v. Sioux City, 564 F.2d 15, 17 (8 Cir.1977), cert. denied sub nom. Sioux City & New Orleans Barge Lines v. Helena Marina Service, 435 U.S. 1006, 98 S.Ct. 1875, 56 L.Ed.2d 387 (1978). Where, however, a single claim is involved or where multiple claims do not exceed the limitation fund, "the court's discretion is narrowly circumscribed" and the injunction must be dissolved "unless the owner can demonstrate that his right to limit liability will be prejudiced."
 
 The Limitation Proceeding
 
 6
 Under the Limitation of Liability Act, the district court performs two chief functions: (1) if the district court determines that the loss occurred without the vessel owner's knowledge or privity, then the court must limit the owner's liability to the value of the vessel and its cargo--the limitation fund--46 U.S.C. Sec. 183(a); (2) if the claims together exceed the limitation fund, then the court must provide for "the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full." In re Moran Transport Co., 185 F.2d 386, 389 (2d Cir.1950), cert. denied, 340 U.S. 953, 71 S.Ct. 573, 95 L.Ed. 687 (1951); 46 U.S.C. Sec. 184.
 
 
 7
 It is true, as the district court noted, that no right to a jury exists in actions instituted in admiralty, Waring v. Clarke, 46 U.S. (5 How.), 441, 456, 466, 12 L.Ed. 226 (1847); but claims such as those arising under the Jones Act carry with them a right to a jury trial. 46 U.S.C. Sec. 688; Fitzgerald v. United States, 374 U.S. 16, 20-21, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963). Moreover, while the district court's admiralty jurisdiction is exclusive, the jurisdictional grant expressly saves to litigants "in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. Sec. 1333(1); Lake Tankers Corp. v. Henn, 354 U.S. 147, 153, 77 S.Ct. 1269, 1272, 1 L.Ed.2d 1246 (1957).
 
 The Single Claimant Exception
 
 8
 The courts have had to reconcile the functions of the admiralty court in limiting liability under the Limitation Act, which proceeds in equity without a jury, with the claimant's right to a trial by jury for common law and statutory claims. In resolving possible conflicts the courts have developed two exceptions to the district court's exclusive jurisdiction and the absence of a jury right in limitation actions. First, if the limitation fund exceeds the value of all the claims, pro rata distribution is not necessary, and the district court must permit claimants to pursue their separate claims at law and to exercise their right to a jury. Lake Tanker's Corp. v. Henn, 354 U.S. at 152, 77 S.Ct. at 1272. Second, when only one claim has been filed and "nothing appears to suggest the possibility of another claim," the district court similarly must dissolve its injunction to permit the single claimant to pursue a separate action and a jury trial. Langnes v. Green, 282 U.S. 531, 540, 51 S.Ct. 243, 246, 75 L.Ed. 520 (1930); S & E Shipping Corp. v. Chesapeake & Ohio Ry., 678 F.2d 636, 643-44, (6 Cir.1982); Universal Towing Co. v. Barrale, 595 F.2d at 418-19; The Helen L., 109 F.2d 884, 886 (9 Cir.1940).
 
 
 9
 This case is governed by the single claimant exception. When the district court issued its injunction, it granted seven weeks for claimants to file their claims in the limitation action. That time had expired and only Shipman had appeared when the court denied her motion to dissolve the injunction. The three year statute of limitations has since run on Jones Act claims. It seems clear, therefore, that Shipman is the sole claimant and "nothing appears to suggest the possibility of another claim." Langnes v. Green, 282 U.S. at 540, 51 S.Ct. at 246.[1]
 
 Stipulations
 
 10
 Before Shipman as the single claimant is entitled to pursue a separate claim, she must stipulate inter alia to the district court's continuing, exclusive jurisdiction to decide the owner's right to limit his liability. Ex parte Green, 286 U.S. 437, 439-40, 52 S.Ct. 602, 603, 76 L.Ed. 1212 (1931); Anderson v. Nadon, 360 F.2d 53, 55-56 (9 Cir.1966); The Helen L., 109 F.2d 884, 885-86 (9 Cir.1940). Specifically, claimant must: (1) stipulate that the value of the limitation fund equals the combined value of the vessel and its cargo; (2) waive the right to claim res judicata based on any judgment rendered against the vessel owner outside of the limitation proceedings; and (3) concede the district court's exclusive jurisdiction to determine limitation of liability issues. S & E Shipping Corp., 678 F.2d at 643 n. 13; Universal Towing Co., 595 F.2d at 418 n. 6; Helena Marine Services, 564 F.2d at 17; In re Red Star Barge Line, 160 F.2d 436, 438 (2 Cir.1947), cert. denied, 331 U.S. 850, 67 S.Ct. 1741, 91 L.Ed. 1859. Newtons contend that Shipman failed to make the proper stipulations.
 
 
 11
 Shipman's first memorandum to the court supporting her demand for a jury trial included the following stipulation:
 
 
 12
 Claimant acknowledges the Court's right to try the "limitation" features of the petition, and waives any claim of res judicata relevant to the issue of limited liability based upon any judgment obtained in the jury trial.
 
 
 13
 Additionally, Shipman did not object to the sufficiency of the fund or the method of computing it. See Fed.R.Civ.P., Supp.R. F(7). Considering all the circumstances, we find that claimant Shipman substantially satisfied the required stipulations. She also renews those stipulations on this appeal.
 
 Order of Filing
 
 14
 In denying Shipman's demand for a jury trial, the district court found inapposite the cases cited by Shipman because they dealt with situations where the claimant was the first to file and the trial court allowed the claimant's action at law on the liability claim to continue, reserving to itself only the limitation issue. The court found "no precedent for allowing a Jones Act claim to be tried to a jury where the claim followed and was within a limitation proceeding."[2] There are cases, however, which hold that a vessel owner may not deny a single claimant's right to a jury trial by filing first the petition to limit liability. See Putnam v. Christie, 55 F.2d 73, 75 (2 Cir.1932); In re Wood, 230 F.2d 197, 200 (2 Cir.1956). Moreover, the same order of filing occurred in Anderson v. Nadon, 360 F.2d 53 (9 Cir.1966) and this court found nothing in the order to alter the single claimant's right to file a separate claim.[3]
 
 
 15
 We conclude that the district court should have dissolved its injunction and permitted Shipman to file her separate action, conditioned upon her first filing the appropriate stipulations with the court. We, therefore, reverse the district court and hold that Shipman as a single claimant has a right to a jury trial on her Jones Act claim and that her complaint be filed as timely.
 
 
 16
 In remanding this case for further action by the district court, we offer some general guidance on how the case might proceed. First, it may be noted that admiralty practice incorporates the Federal Rules of Civil Procedure which were drafted "to secure the just, speedy and inexpensive determination of every action." Fed.R.Civ.P. 1; Fed.R.Civ.P., Supp.R.A. advisory committee note. Useless formalities should not inhibit the efficient administration of the court. Thus, it is of little consequence whether the jury's determination of liability is made "within" the limitation proceeding or whether the law and admiralty claims are consolidated for trial. The district court should select the most efficient manner of proceeding.
 
 
 17
 Similarly, whether the limitation question must await trial of the liability issue is largely a matter for the district court's discretion under the circumstances of each case.[4] Apparently, most often it has been found expedient to stay the limitation proceeding and try the liability issue first, thus preserving the possibility that a jury will find no liability or award less than the limitation fund and thereby moot the limitation proceeding. See, e.g. Langnes v. Green, 282 U.S. 531, 541-42, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1930); Anderson v. Nadon, 360 F.2d at 57 n. 5; Port of Pasco v. Pacific Inland Navigation Co., 324 F.2d 593, 595-96 (9 Cir.1963); In re AMF, 543 F.Supp. 431, 433 (S.D.N.Y.1982); Cf. Sand & Stone Co. v. Muscelli, 151 F.2d 884 (2 Cir.1945). Claimant's required waiver of res judicata based on a separate judgment seems to presuppose that the liability issue will be tried first.[5]
 
 Conclusion
 
 18
 We conclude that (1) Katherine Shipman is a single claimant in the limitation of liability proceeding; (2) she has made the necessary stipulations to preserve the district court's jurisdiction of the limitation proceeding; (3) she is entitled to try her Jones Act claim to a jury; (4) Newtons have shown no prejudice to their right to limit liability; (5) the district court should dissolve its injunction, order the complaint under the Jones Act timely filed, and permit Shipman to pursue her action, subject to the court's right to decide all limitation questions; (6) the district court should exercise its discretion in electing the most just, speedy, and inexpensive manner of proceeding.
 
 
 19
 Remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation
 
 
 [1]
 Notwithstanding the contrary argument in their briefs, Newtons' counsel at trial and during oral argument on appeal reluctantly conceded that Shipman is, and was at the time of trial, a single claimant:
 It is certainly true that everybody below was proceeding on the assumption that this was a single claim, a single claim case ... If you want to treat that as a concession, then I won't push the point.
 (Newtons' counsel at oral argument).
 
 
 [2]
 The order denying Shipman's motion for a jury trial was entered on January 6, 1983. By minute entry and without opinion the court denied the motion to dissolve the injunction on January 26, 1983
 
 
 [3]
 In Anderson v. Nadon, the vessel owners obtained the injunction approximately six months after the accident and after they had been advised that damages were being claimed. Here the vessel sank on March 25, 1980, and the injunction was issued less than a month later on April 18
 
 
 [4]
 This court recently reaffirmed the power of the district court to bifurcate or consolidate trial of separate admiralty and civil claims depending on whether the claims are part of the same basic cause of action. Owens-Illinois, Inc. v. United States District Court, 698 F.2d 967, 972 n. 2 (9 Cir.1983)
 
 
 [5]
 The district court in denying Shipman's motion for a jury trial suggested the summoning of an advisory jury for trial of the Jones Act claim. We see no reason why both actions may not be tried at the same time--the Jones Act claim by a jury and the limitation issue by the court