226 F.3d 1015 (9th Cir. 2000)
 In the Matter of The Complaint of ROSS ISLAND SAND & GRAVEL, as Demise Charterer of ANCHOR SCOW for Exoneration from or Limitation of Liability
ROSS ISLAND SAND AND GRAVELD.C. COMPANY, owner pro hac vice, dba Bare Boat Charterer of the vessel Anchor Scow, Plaintiff-Appellee,
v.
JAMES MATSON, Defendant-Appellant.
 No. 99-16031
 U.S. Court of Appeals for the Ninth Circuit
 Argued and Submitted June 14, 2000--San Francisco, California
Filed September 12, 2000
 
 Before: Donald Lay,* Dorothy W. Nelson, and Sidney R. Thomas, Circuit Judges.
 
 
 1
 COUNSEL: John R. Hillman, McGuinn, Hillsman and Palefsky, for the defendant-appellant.
 
 
 2
 B. James Finnegan and Pia A. Angelikis, of Finnegan, Marks and Hampton, for the plaintiff-appellee.
 
 
 3
 Appeal from the United States District Court for the Eastern District of California Garland E. Burrell, Jr., District Judge, Presiding No.CV-98-02279 GEB
 
 OPINION
 PER CURIAM:
 
 4
 James Matson appeals the district court's denial of his motion to dissolve a stay of parallel state court proceedingsregarding a personal injury suit brought by a former employee. Matson's suit, brought in state court under the Jones Act, stemmed from injuries suffered while working on the "Anchor Scow," a vessel owned by Ross.
 
 
 5
 Ross Island, as owner pro hac vice of the Anchor Scow, brought this federal proceeding in admiralty to limit its liability under the Limitation of Liability Act, 46 U.S.C.SS 181 et seq. The district court found that Matson had failed to make the necessary stipulations to dissolve the injunction on parallel proceedings, and denied Matson's motion. Matson now appeals, arguing that: (1) the Limitation of Liability Act is to be applied very narrowly; (2) that a single claimant should not be required to stipulate to the adequacy of its opponent's bond. We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 6
 This action involves a dispute regarding parallel state and admiralty proceedings. On March 16, 1997, James Matson, an employee of Ross Island, was injured while aboard the "Anchor Scow" vessel. On March 18, 1998, Matson filed suit in San Joaquin Superior Court against Ross Island (the Anchor Scow's owner pro hac vice) for his injuries under the Jones Act, alleging negligence and unseaworthiness.
 
 
 7
 On November 25, 1998, Ross Island filed a "limitation of liability" action in federal court. A limitation of liability action is a proceeding in admiralty for vessel owners that permits them to limit their liability (if any) to their interest in the vessel and its freight, provided that the loss was incurred without their privity or knowledge. See 46 U.S.C. S183.
 
 
 8
 To take advantage of this provision, owners must first file a complaint in the district court, and then deposit an amount with the court that is the equivalent of their interest in the vessel. See Fed. R. Civ. P. Supp. R. F(1). The district court then notices all potential claimants and requires them to file claims with the court within a specified time, and issues an injunction that prevents the filing of any other actions against the owner if it involves related claims. See Supp. R. F(3) & (4). However, when the owner reserves the right to litigate its limitation of liability in district court, then the district court can dissolve the injunction and allow the single claimant to pursue a jury trial instead. See Anderson v. Nadon, 360 F.2d 53, 57 (9th Cir. 1966).
 
 
 9
 Following this procedure, Ross Island filed a stipulation for the value of the ship in the sum of $20,000, and the district court enjoined proceedings and ordered all claimants to file its claims within its court. Matson appeared and filed a claim in district court, but then later filed a motion to dissolve the stayof his parallel state court proceedings on the basis that he was a single claimant. Ross Island responded by pointing out that Matson had failed to make the necessary stipulations for a single claimant to proceed.
 
 
 10
 Apparently, Matson failed to stipulate to the adequacy of the limitation fund, which is expressly required before the stay can be lifted under Newton v. Shipman, 718 F.2d 959, 962 (9th Cir. 1983). Following Newton, the district court denied Matson's motion to dissolve the stay without prejudice. Matson now appeals.
 
 STANDARD OF REVIEW
 
 11
 A district court, as a general rule, enjoys broad discretion to decide whether to dissolve an injunction under the Limitation of Liability Act. Newton, 718 F.2d at 961. However, where a single claim is involved, "the district court's decision is narrowly circumscribed" and the injunction must be dissolved unless the owner can show that his right to a limitation of liability will be prejudiced. Id.
 
 DISCUSSION
 
 12
 Under the "single claimant exception," if only one claim has been filed and "nothing appears to suggest the possibility of another claim," a district court is required to dissolve its injunction to permit the single claimant to pursue a separate action and jury trial. Newton, 718 F.2d at 962. Before the district court dissolves its injunction, however, a claimant "must" stipulate to the following: (1) that the value of the limitation fund equals the combined value of the vessel and its cargo; (2) waive the right to claim res judicata based on any judgment rendered against the vessel owner outside of the limitation proceedings; and (3) concede the district court's exclusive jurisdiction to determine limitation of liability issues. See id. Here, Matson satisfied two of these requirements, namely, he waived the res judicata effects of any intervening state court judgment, and conceded the district court's exclusive jurisdiction over all questions concerning the right to limitation. However, presumably because he was dissatisfied with the amount in the limitation fund, he refused to stipulate to its adequacy.
 
 
 13
 Both parties concede that Newton seems to impact this case, but Appellant contends that the Newton requirements are (variously) dicta, outdated and unfair. He proposes that provided a single claimant waives the res judicata effects of any intervening state court judgment, and concedes the admiralty's exclusive cognizance over all residual limitation issues, the district court must dissolve the state injunction and permit parallel suits.
 
 
 14
 Matson's reasoning is persuasive. He rightly points out that federal courts have a very limited jurisdiction and should only stay proceedings under clearly circumscribed circum-stances. However, Newton is on point in directing that the claimant must stipulate to the value of the limitation fund before the stay can be lifted. 718 F.2d at 963. Newton involved a single claimant who, like Matson, filed a motion to dissolve the injunction in order to pursue a Jones Act claim before a jury. Under Newton, a claimant must either stipulate to the value of the limitation fund or object to the sufficiency of the fund or its method of computation under Fed.R.Civ.P., Supp. R. F(7). Newton, 718 F.2d at 963. Since Newton remains the law of this circuit, Matson has failed to show that the district court abused its discretion. Moreover, absent a rehearing en banc, we are without authority to overrule its directives. A three judge panel of this court cannot overrule a prior decision of this court. See Morton v. De Oliveira, 984 F.2d 289, 292 (9th Cir. 1997).
 
 CONCLUSION
 
 15
 Therefore, based upon the foregoing, we affirm the district court in finding that it did not abuse its discretion in denying Matson's Motion to Dissolve the Injunction.
 
 
 16
 AFFIRMED.
 
 
 
 Note:
 
 
 *
 The Honorable Donald Lay, Senior Circuit Judge of the Eighth Circuit Court of Appeals, sitting by designation.
 
 
 D.W. NELSON, Circuit Judge, Concurring:
 
 17
 I believe the rule in Newton v. Shipman, 718 F.2d 959 (1983) (per curiam), as it affects single-claimant cases stipulating to the value of the vessel, is bad law and should be reconsidered.
 
 
 18
 Newton's requirement of stipulating to the value of the vessel and its cargo --in order to lift an injunction under the single claimant exception -does not have any statutory basis. Neither 46 U.S.C. S 183(a) nor Fed. R. Civ. P. Supp. R. F requires this stipulation. In following the Eighth Circuit's precedents, Newton conflicts with and made no attempt to distinguish prior Ninth Circuit precedent. Indeed, Anderson v. Nadon, 360 F.2d 53 (1966) noted that stipulating to the value of the vessel is not required in order to maintain a state court action:
 
 
 19
 Appellants have conceded the exclusive jurisdiction of the district court to determine this issue, but have not agreed to appellee's valuation figure . . . . It is also true that it has apparently become a common practice to concede valuation when requesting disso lution of such an injunction. However, these authori ties do not support the proposition that such a concession is a necessary prerequisite to the mainte nance of a state court action. We do not deem a con cession of this nature essential to the protection of appellees' right to a federal limitation proceeding. The fact that appellants have reserved the right to contest the adequacy of the stipulation for value in the limitation proceeding does not bar them from ini tiating a state court action.
 
 
 20
 Id. at 58 n.8 (citations omitted). If Newton truly established a new Ninth Circuit rule, it should have addressed Anderson. An intracircuit conflict is grounds for en banc review. See Atonio v. Wards Cove Packing Company, 810 F.2d 1477, 1478-9 (9th Cir. 1987)(en banc) ("the appropriate mechanism for resolving an irreconcilable conflict is an en banc decision. A panel faced with such a conflict must call for en banc review, which the court will normally grant unless the prior decisions can be distinguished.").
 
 
 21
 Newton may have failed to address Anderson because Newton's stipulation requirement appears to be dicta. In Newton, the appellant "did not object to the sufficiency of the fund or the method of computing it." Newton, 718 F.2d at 959. Thus, Newton's requiring a stipulation of the value of the vessel was unnecessary to the holding in that case. Indeed, Newton found that the district court erred in failing to lift the injunction. Newton's failure to address Anderson suggests that the court did not intend to create a new rule and that Newton is factually distinguishable from this case.
 
 
 22
 Furthermore, the standard of review in Newton places the burden on Ross Island to show prejudice. Newton says: "Where, however, a single claim is involved . . .`the court's discretion is narrowly circumscribed' and the injunction must be dissolved `unless the owner can demonstrate that his right to limit liability will be prejudiced.' " Newton, 718 F.2d at 961 (citations omitted). Ross Island contends that it will be prejudiced by allowing Matson to "proceed to state court with the hope of returning to the admiralty court with a large jury verdict in hand as leverage in the limitation action. That leverage would be used not only to challenge the owner's entitlement to limitation but also to attempt to influence the court as to the amount of the fund." This argument is flawed because it assumes: (1) that the state jury's verdict will exceed the value of the vessel and cargo; and (2) that a federal district court will be unable to assess the value of the vessel and cargo in an objective fashion. This argument has little faith in the Article III power of federal judges to remain objective and does not illustrate any prejudice to Ross Island. Given that Matson has stipulated that the federal court has the ultimate authority in limiting liability, it is inconceivable how Ross Island could be prejudiced by lifting the injunction.
 
 
 23
 As a matter of policy, these stipulations are intended to protect vessel owners such as Ross Island from enormous liabil-ity stemming from multiple claimants who prey off the res judicata effect of a single claimant's judgment. Therefore, in some multiple claimant cases, the courts have required claimants to stipulate to the maximum amount of liability based on the value of the vessel and its cargo. This a single claimant case. Matson has stipulated that the state court judgment has no res judicata effect and that the federal court has final authority over limiting liability (including the valuation of the vessel and its cargo). In a single claimant case, there is no need to determine the value of the vessel and its cargo before the culmination of a state court lawsuit. In fact, Matson argues that no court has ever found in a single claimant case that the failure to stipulate to the value of the vessel and its cargo prevents lifting a federal injunction.
 
 
 24
 As a practical matter, arguments about efficiency are relative. Matson has a statutory right to a jury trial under the Jones Act. See 46 U.S.C. S688(a). Ross Island has a statutory right to limit its liability in federal court. Neither right trumps the other. If our goal is to conserve federal resources, however, then efficiency compels us to reverse the district court. Why force a federal court to determine the value of the vessel and its cargo under Supp. R. F(7) in the absence of a state court judgment? If a state jury awards Matson less than $20,000, then this valuation would have been totally unnecessary. Thus, if we are trying to conserve federal resources, we should allow Matson to proceed in state court and then determine if federal intervention is ultimately necessary.
 
 
 25
 By relying on Ninth Circuit dicta and by following Newton, we will be making it more difficult for single claimants to file in state court. This was not the intent of the rule. Our decision is not compelled by statute, is not supported by a showing of actual prejudice to Ross Island, does not respond to policy concerns about enormous judgments by multiple claimants, and wastes federal resources. I think Newton is overly broad and should be reevaluated.