NOT FOR PUBLICATION

FILED

MAY 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC. AS OWNER OF A  CERTAIN 2004 YAMAHA WAVE RUNNER FX 140 (CF 5408 LE) FOR  EXONERATION FROM OR LIMITATION OF LIABILITY, | No.    18-15006  D.C. No. 2:17-cv-00653-JAM-EFB  MEMORANDUM[*] |

WILLIAMS SPORTS RENTALS INC., as Owner of a Certain 2004 Yamaha Waverunner FX 140,

      Petitioner-counter-
      respondent-Appellee,

  v.

MARIAN LATASHA WILLIS, on behalf of the Estate of Raeshon Williams,

      Respondent-counter-
      claimant-Appellant..

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted May 13, 2019
San Francisco, California

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: THOMAS, Chief Judge, and IKUTA, Circuit Judge, and MOLLOY,[**] District Judge.

Marian Willis appeals the dismissal of her maritime wrongful death claim against Williams Sports Rentals, Inc. She argues the district court erred by denying her motion to lift the anti-suit injunction, denying her motion for a stay pending her interlocutory appeal of that denial, and dismissing her wrongful death claim with prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

1. Willis's motion to stay the limitation proceeding pending her interlocutory appeal was mooted by the district court's final judgment on the merits and is not properly before us. *See Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."); *see also* Order, *Williams Sports Rentals, Inc. v. Willis*, No. 17-16981 (9th Cir. Apr. 25, 2018) (dismissing Willis's interlocutory appeal as moot).

2. We review a district court's decision to maintain or dissolve an injunction under the Limitation of Liability Act for abuse of discretion. *Lewis v. Lewis & Clark Marine*, 531 U.S. 438, 449 (2001); *Newton v. Shipman*, 718 F.2d 959, 961

---

[**]    The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

2

(9th Cir. 1983) (per curiam). As the Supreme Court instructed in *Lewis*, the decision depends on whether the vessel owner's limitation right is "adequately protected." 531 U.S. at 454. Consistent with *Lewis*, this Court recognizes that "[w]here, however, a single claim is involved or where multiple claims do not exceed the limitation fund, the court's discretion is narrowly circumscribed and the injunction must be dissolved unless the owner can demonstrate that his right to limit liability will be prejudiced." *Newton*, 718 F.2d at 961 (internal quotation marks omitted).

The district court abused its discretion by failing to consider whether Williams Sports Rentals's limitation right would be prejudiced if the injunction were lifted. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014) ("[A] district court abuses its discretion if the court rests its decision on an erroneous legal standard."). Though we "may affirm on any basis supported by the record, whether or not relied upon by the district court," *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013), Willis never formally proffered her stipulations to the district court, and thus they are not part of the record. Accordingly, we vacate and remand for the district court to conduct the proper prejudice inquiry under *Lewis v. Lewis & Clark Marine, Inc.* and *Newton v. Shipman* in the first instance.

3

**VACATED AND REMANDED.**[1]

---

[1] Willis's motion for judicial notice is **DENIED** because the facts at issue are "not relevant to the resolution of this appeal." *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).