NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC. AS OWNER OF A CERTAIN 2004 YAMAHA WAVE RUNNER FX 140 (CF 5408 LE) FOR EXONERATION FROM OR LIMITATION OF LIABILITY, | No. 19-16691 <br><br> D.C. No. 2:17-cv-00653-JAM-EFB <br><br> MEMORANDUM[*] |
| WILLIAMS SPORTS RENTALS INC., as Owner of a Certain 2004 Yamaha Waverunner FX 140, <br><br>     Petitioner-counter-respondent-Appellee, <br><br>   v. <br><br> MARIAN LATASHA WILLIS, on behalf of the Estate of Raeshon Williams, <br><br>     Respondent-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted November 18, 2019[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Marian Latasha Willis appeals from the district court's judgment on remand in Williams Sports Rentals Inc.'s ("WSR") admiralty action under the Limitation of Liability Act ("Limitation Act"), 46 U.S.C. § 30501 *et seq.*, and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's compliance with the mandate of our court. *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1080 (9th Cir. 2010). We reverse and remand with instructions.

Contrary to this court's instruction to the district court in No. 18-15006 "to conduct the proper prejudice inquiry under *Lewis v. Lewis & Clark Marine, Inc.* and *Newton v. Shipman* in the first instance," and despite this court's conclusion that the district court "abused its discretion by failing to consider whether [WSR's] limitation right would be prejudiced if the [anti-suit] injunction were lifted," the record shows that on remand, the district court did not conduct an inquiry into whether WSR's right to limit liability would be prejudiced. Instead, the district court granted WSR's motion for exoneration from liability and dismissed Willis's wrongful death counterclaim. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S.

<hr>

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2                                                                              19-16691

438, 454 (2001) (explaining that "the [district] court may proceed to adjudicate the merits, deciding the issues of liability and limitation" in an admiralty limitations action "[i]f [it] concludes that the vessel owner's right to limitation will not be adequately protected . . . ."); *see id*. at 455 ("[T]his Court's case law makes clear that state courts, with all of their remedies, may adjudicate claims like petitioner's against vessel owners so long as the vessel owner's right to seek limitation of liability is protected."). We reverse the district court's order granting exoneration and judgment in favor of WSR.

We also remand for the district court to enter an order dissolving the anti-suit injunction. The record reflects that this is a single claim case; Willis has entered formal stipulations protecting WSR's right to limit liability; and WSR has not demonstrated prejudice to its right to limit liability. *See Newton v. Shipman* 718 F.2d 959, 961 (9th Cir. 1983) (where a single claim is involved, the district court should dissolve the anti-suit injunction unless the owner demonstrates prejudice to the right to limit liability).

On remand, the district court may wish to reconsider whether to stay the proceedings until Willis's liability claim against WSR is adjudicated in state court. *Cf. Newton*, 718 F.2d at 963 (observing that "it has been found expedient to stay the limitation proceeding and try the liability issue first" because a jury finding of no liability or awarding less than the limitation fund "moot[s] the limitations

3                                                                    19-16691

proceeding").

In dismissing Willis's wrongful death counterclaim, the district court found that Willis failed to allege facts showing that WSR knew or had reason to know that the individuals who rented the vessel were likely to use it in a manner involving unreasonable risk of harm to others. However, Willis alleged that WSR failed to determine whether the renters had the competence and qualifications to operate the vessel, failed to provide adequate training or instruction, failed to equip the vessel properly, and failed to service and maintain the vessel properly. At the pleading stage, treating these factual allegations as true, Willis's counterclaim states a plausible claim. *See* Restatement (Second) of Torts § 390 (Am. Law Inst. 1965); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (detailed factual allegations are not required; a claim has facial plausibility when the plaintiff pleads factual content allowing the reasonable inference that defendant is liable for the misconduct alleged). We express no opinion on the ultimate merits of Willis's wrongful death counterclaim.

In light of our disposition, we do not consider Willis's contention that the district court erred by denying leave to amend.

Willis's request for reassignment on remand, set forth in the reply brief, is denied without prejudice.

**REVERSED and REMANDED with instructions to dissolve the anti-suit injunction.**

19-16691