**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

In re: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC. AS OWNER OF A CERTAIN 2004 YAMAHA WAVE RUNNER FX 140 (CF 5408 LE) FOR EXONERATION FROM OR LIMITATION OF LIABILITY,

No. 22-16928

D.C. No. 2:17-cv-00653-KJM-JDP

WILLIAMS SPORTS RENTALS INC., as Owner of a Certain 2004 Yamaha Waverunner FX 140,

OPINION

*Petitioner-counter-respondent-Appellee*,

v.

MARIAN LATASHA WILLIS, on behalf of the Estate of Raeshon Williams,

*Respondent-counter-claimant-Appellant*,

v.

THOMAS SMITH; KAI PETRICH; BERKELEY EXECUTIVES, INC.; ZIP, INC.,

*Third-party-defendants*.

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted June 8, 2023
San Francisco, California

Filed January 16, 2024

Before: Eric D. Miller and Lucy H. Koh, Circuit Judges,
and Barbara M. G. Lynn,[*] District Judge.

Opinion by Judge Miller

## SUMMARY[**]

### Shipowner's Limitation of Liability Act

In an action under the Shipowner's Limitation of Liability Act, the panel vacated the district court's order granting a jet ski owner an injunction against a state-court lawsuit concerning a fatal accident and remanded with instructions to narrow the injunction so that it barred only claims against the owner, not claims against other parties.

The Limitation Act limits the liability of vessel owners for accidents that occurred without their privity or

---

[*] The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

knowledge to "the value of the vessel and pending freight." When a vessel owner files suit under the Limitation Act, injured parties must file their claims against the owner in the federal limitation proceeding.

Here, after the jet ski owner initiated the federal limitation proceeding, the district court enjoined all other lawsuits arising from the jet ski accident. Only the decedent's mother filed a claim against the owner in the limitation proceeding. She also filed a wrongful-death lawsuit against other defendants in California state court, and she asked the district court to dissolve its injunction so that she could add the jet ski owner to her state-court lawsuit. The district court denied the motion. In prior appeals, this court vacated and then reversed with instructions to dissolve the injunction. State-court defendants subsequently filed cross-complaints against the jet ski owner for indemnity and contribution, as well as attorney's fees, and the district court again enjoined the "continued prosecution of any legal proceedings of any nature, except in the present proceeding, in respect to any claim arising from" the accident.

The panel held that, in general, a district court has broad discretion in deciding whether to dissolve or reinstate an injunction issued under the Limitation Act, but the district court must allow a state-court lawsuit to proceed when there is only a single claimant, and that claimant enters a stipulation protecting the vessel owner's limitation right. The panel declined to take a position on a circuit conflict regarding whether parties seeking indemnity or contribution count as separate claimants because, apart from such claims, the state-court defendants also brought claims for attorney's fees, and, absent a stipulation, a party seeking attorney's fees is a separate claimant. The panel held that the district court did not abuse its discretion in granting an injunction because,

with a limitation fund of only $5,000 to cover pending claims for wrongful death, survival, indemnity, contribution, and attorney's fees, the district court could fairly conclude that an injunction was necessary to protect the jet ski owner's limitation right.

The panel further held, however, that the injunction was overbroad because, on its face, it prohibited the decedent's mother from proceeding in state court on her claims against any party. The panel concluded that, under the Anti-Injunction Act, which prohibits a federal court from granting an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments, the district court could not enjoin the decedent's mother from proceeding against anyone other than the vessel owner.

## COUNSEL

John R. Hillsman (argued), McGuinn Hillsman & Palefsky, San Francisco, California; Anthony L. Label and Steven A. Kronenberg, The Veen Firm, San Francisco, California; for Respondent-counter-claimant-Appellant.

Brian O. Felder (argued) and Ian Stewart, Wilson Elser Moskowitz Edelman & Dicker LLP, Los Angeles, California, for Petitioner-counter-respondent-Appellee.

**OPINION**

MILLER, Circuit Judge:

The Shipowner's Limitation of Liability Act (the Limitation Act), 46 U.S.C. § 30501 *et seq.*, allows the owner of a vessel to limit its liability for accidents and to enjoin lawsuits that threaten its right to do so. After a fatal accident involving a jet ski, the district court granted the jet ski's owner an injunction against a state-court lawsuit. We previously ordered the district court to dissolve the injunction, but the addition of new claims arising from the accident prompted the district court to reinstate it. We hold that the district court had the authority to grant an injunction but that the injunction it imposed is overly broad. We vacate and remand with instructions to narrow the injunction so that it bars only claims against the owner, not claims against other parties.

I

On August 13, 2016, during a corporate retreat in South Lake Tahoe, California, Raeshon Williams went for a ride on a jet ski with a co-worker, Thomas Smith. Smith allegedly turned into another vessel's wake at high speed, throwing Williams off the jet ski and into Lake Tahoe, where he drowned.

The jet ski had been rented from Williams Sports Rentals (WSR), which is not related to Raeshon Williams. Anticipating a lawsuit, WSR filed a complaint in federal district court under the Limitation Act. That statute limits the liability of vessel owners for accidents that occurred without their privity or knowledge to "the value of the vessel and pending freight." 46 U.S.C. § 30523(a). Congress enacted

the statute in 1851 "primarily to encourage the development of American merchant shipping." *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 150 (1957); *see Martz v. Horazdovsky*, 33 F.4th 1157, 1166 (9th Cir. 2022). But courts have long recognized that it covers a wide range of vessels, including pleasure craft such as jet skis. *See, e.g.*, *In re Hechinger*, 890 F.2d 202, 206 (9th Cir. 1989); *Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1228–29 (11th Cir. 1990). The parties agree that the jet ski is a "vessel" to which the Limitation Act applies.

When a vessel owner files a lawsuit under the Limitation Act and posts security for the limitation amount, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30529(c); *see also* Fed. R. Civ. P. Supp. R. F(3). Injured parties must file their claims against the owner in the federal limitation proceeding. Fed. R. Civ. P. Supp. R. F(4). After the claims are filed, the district court, sitting without a jury, decides whether the owner is liable and, if so, whether the owner can limit its liability. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). If liability is limited and the limitation amount is insufficient to cover all claims, the district court distributes the limitation amount to the valid claimants in proportion to their losses. 46 U.S.C. § 30525; *see* Fed. R. Civ. Supp. R. F(8). This procedure, sometimes referred to as a "concursus," "provides for all claims against an owner to be aggregated and decided at one time under a single set of substantive and procedural rules, thereby avoiding inconsistent results and repetitive litigation." *In re Paradise Holdings, Inc.*, 795 F.2d 756, 761 (9th Cir. 1986).

In this case, WSR stipulated that the jet ski was worth $5,000 and posted security in that amount. The district court then enjoined all other lawsuits arising from the accident and issued a notice directing anyone who had a claim against

WSR to file it with the court. Only Williams's mother, Marian Latasha Willis, filed a claim. She asserted causes of action for wrongful death and survival, alleging that WSR was negligent in renting the jet ski to Smith and to Kai Petrich, the CEO of Williams's employer, Zip, Inc.

Although the Limitation Act gives vessel owners the right to limit their liability in an exclusive proceeding in federal court, claimants have a competing right to bring certain maritime claims in a forum of their choice. Under 28 U.S.C. § 1333(1), federal courts have exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The saving-to-suitors clause "preserves remedies and the concurrent jurisdiction of state courts over . . . admiralty and maritime claims" that are brought in personam, that is, against a person rather than a vessel. *Lewis*, 531 U.S. at 445; *see County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 763–64 (9th Cir. 2022). Trial by jury is the classic example of a remedy that limitation actions lack and that the saving-to-suitors clause protects. *Lewis*, 531 U.S. at 454–55; *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983) (per curiam).

As permitted by the saving-to-suitors clause, Willis also filed a lawsuit in California state court. As with the claim she filed in the limitation proceeding, her state-court lawsuit asserted wrongful-death and survival claims, both of which are maritime claims over which California state courts have concurrent jurisdiction. The Supreme Court has recognized a maritime cause of action for wrongful death—that is, a cause of action asserted by the decedent's family members to compensate them for the injuries they suffered because of the death. *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 409 (1970); *see also Norfolk Shipbuilding & Drydock*

*Corp. v. Garris*, 532 U.S. 811, 820 (2001). The Supreme Court has not decided whether there is a maritime survival cause of action—that is, a claim for injuries to decedents that survives their death and that may be asserted by their representatives on behalf of their estate. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 210 n.7 (1996) ("[W]e assume without deciding that *Moragne* also provides a survival action."). We have recognized one, however, as have several other courts of appeals. *See Evich v. Connelly*, 759 F.2d 1432, 1434 (9th Cir. 1985); *Barbe v. Drummond*, 507 F.2d 794, 799 (1st Cir. 1974); *Wahlstrom v. Kawasaki Heavy Indus., Ltd.*, 4 F.3d 1084, 1093–94 (2d Cir. 1993); *Casaceli v. Martech Int'l, Inc.*, 774 F.2d 1322, 1328 (5th Cir. 1985); *Spiller v. Thomas M. Lowe, Jr., & Assocs., Inc.,* 466 F.2d 903, 909–10 (8th Cir. 1972).

We look to state law to determine who is entitled to assert wrongful-death and survival claims. *See Evich*, 759 F.2d at 1433; *see also Ortega Garcia v. United States*, 986 F.3d 513, 523 (5th Cir. 2021). The parties do not dispute that under California's wrongful-death and survival statutes, Willis is a proper plaintiff to assert such claims because she is Williams's mother and the representative of his estate. *See* Cal. Civ. Proc. Code § 377.60(a) (wrongful death); *id.* § 377.34(a) (survival).

Willis's state-court complaint named Smith, Petrich, and Zip as defendants, but it did not name WSR. Willis asked the district court to dissolve its injunction so she could add WSR to her state-court lawsuit. The district court denied the motion, and Willis appealed.

In that appeal, we held that "[t]he district court abused its discretion by failing to consider whether Williams Sports Rentals's limitation right would be prejudiced if the

injunction were lifted." *In re Williams Sports Rentals, Inc.*, 770 F. App'x 391, 392 (9th Cir. 2019) (per curiam). When the proceedings outside a limitation action involve "a single claim," we explained, a court's discretion to enjoin them is "narrowly circumscribed and the injunction must be dissolved unless the owner can demonstrate that his right to limit liability will be prejudiced." *Id.* (quoting *Newton*, 718 F.2d at 961). We vacated the judgment and remanded "for the district court to conduct the proper prejudice inquiry . . . in the first instance." *Id.*

On remand, the district court did not conduct a prejudice inquiry, so Willis appealed again. In the second appeal, we reversed and remanded with instructions to dissolve the injunction. *In re Williams Sports Rentals, Inc.*, 786 F. App'x 105, 106 (9th Cir. 2019) (per curiam). We held that the district court must allow the state-court lawsuit to proceed because "[t]he record reflects that this is a single claim case; Willis has entered formal stipulations protecting WSR's right to limit liability; and WSR has not demonstrated prejudice to its right to limit liability." *Id.* On remand, the district court dissolved its injunction and Willis then amended her state-court complaint to add WSR as a defendant.

Since then, the state-court lawsuit has expanded. Petrich filed a cross-complaint against WSR seeking indemnity and contribution, as well as attorney's fees. Zip's insurers intervened and filed a cross-complaint against WSR seeking indemnity and contribution, as well as attorney's fees. Neither Petrich nor the insurers entered stipulations protecting WSR's right to limit its liability to the value of the vessel.

Based on those developments, the district court concluded that "the state court action has morphed into a multiple claimant action" because Willis, Petrich, and the insurers had each brought "separate claims for damages." The district court entered an injunction barring "[t]he continued prosecution of any legal proceedings of any nature, except in the present proceeding, in respect to any claim arising from" the accident.

Willis now appeals the grant of that injunction, which she may do "as a matter of right under 28 U.S.C. § 1292(a)(1)." *In re Bowoon Sangsa Co.*, 720 F.2d 595, 597 (9th Cir. 1983).

## II

Willis argues that the district court erred in reinstating the injunction against her state-court lawsuit. In general, a district court has "broad discretion" in deciding whether to dissolve or reinstate an injunction previously issued under the Limitation Act. *Newton*, 718 F.2d at 961; *cf. Lewis*, 531 U.S. at 449 ("[W]here, as here, the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion."). But we have recognized two contexts in which a state-court lawsuit poses no threat to the owner's limitation right, and in which the district court must allow the state court to proceed.

First, a district court may not enjoin a state-court lawsuit when "the limitation fund exceeds the value of all the claims" against the vessel owner. *Newton*, 718 F.2d at 962; *see Lewis*, 531 U.S. at 451–52. An injunction in that instance "would transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights, even where the

limitation fund is known to be more than adequate to satisfy all demands upon it." *Lake Tankers Corp.*, 354 U.S. at 152. Willis does not argue that this is such a case. The limitation fund is only $5,000, and as Willis told the district court, that sum "is a pittance which will not cover the court costs in this case."

Second, a district court may not enjoin a state-court lawsuit when there is only a "single claimant"; that claimant enters a stipulation protecting the vessel owner's limitation right; and "nothing appears to suggest the possibility of another claim." *Newton*, 718 F.2d at 962 (citation omitted); *see Lewis*, 531 U.S. at 451. The required stipulation concedes that the value of the limitation fund equals the value of the vessel and its freight, accepts the district court's exclusive jurisdiction to decide the limitation of the owner's liability, and waives the right to claim res judicata based on any judgment rendered outside the limitation action. *See Newton*, 718 F.2d at 962. Because such a stipulation fully protects the limitation right, several courts of appeals have held that a state-court action should proceed, even if there are multiple claimants, so long as they all enter equivalent stipulations. *See In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 756 (2d Cir. 1988); *Gorman v. Cerasia*, 2 F.3d 519, 526 (3d Cir. 1993); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674–75 (5th Cir. 1996); *In re Illinois Marine Towing, Inc.*, 498 F.3d 645, 652 (7th Cir. 2007); *Jefferson Barracks Marine Serv., Inc. v. Casey*, 763 F.2d 1007, 1009–11 (8th Cir. 1985); *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1039 (11th Cir. 1996).

We previously held that this case involved a single claimant. *Williams Sports Rentals*, 786 F. App'x at 106. Willis alone had brought a claim, and she had entered the

necessary stipulation. *Id.* Since then, however, the state-court lawsuit has expanded. Petrich and Zip's insurers have asserted cross-claims against WSR seeking indemnity, contribution, and attorney's fees. And while Willis stipulated that she would not seek damages from WSR beyond any limitation imposed by the federal court, the other parties have made no such promises. According to WSR, both the indemnity and contribution claims, as well as the claims for attorney's fees, independently, mean that this is no longer a single-claimant case.

Courts of appeals have disagreed over whether parties seeking indemnity or contribution count as separate claimants. The minority view, held by the Sixth and Eighth Circuits, is that they do not because those claims are "merely derivative" of the claim for injury. *Universal Towing Co. v. Barrale*, 595 F.2d 414, 419 (8th Cir. 1979); *see S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 645 (6th Cir. 1982). The party seeking reimbursement can recover only as much as the injured claimant was entitled to recover, those courts reason, and that amount "cannot exceed the owner's statutory limit." *Universal Towing*, 595 F.2d at 419; *see S & E Shipping*, 678 F.2d at 645.

The majority view is that unless a party seeking indemnity or contribution enters a stipulation of its own, it is a separate claimant whose threat to the owner's limitation right may justify an injunction. *See Dammers*, 836 F.2d at 757 (2d Cir.); *Gorman*, 2 F.3d at 526 (3d Cir.); *Odeco*, 74 F.3d at 675 (5th Cir.); *In re Holly Marine Towing, Inc.*, 270 F.3d 1086, 1090 (7th Cir. 2001); *Beiswenger*, 86 F.3d at 1042 (11th Cir.); *see also S & E Shipping*, 678 F.2d at 648 (Kennedy, J., concurring in the result). The courts taking that view reason that although indemnity and contribution claims cannot exceed the injury claims, they may well exceed the

limitation amount. Suppose the state court awarded Willis a $1 million judgment against Petrich, who in turn recovered $1 million in contribution from WSR. Having never agreed to respect WSR's limitation right or its $5,000 fund amount, Petrich could then try to assert the state court's judgment as res judicata in the limitation proceeding. *See Holly Marine Towing*, 270 F.3d at 1088–89. At a minimum, WSR would have to "await the outcome of state-court litigation to obtain [its] protection." *Id.* at 1090. But "the Limitation Act entitles the shipowner to obtain limitation upon the filing of his petition for limitation in federal district court and his satisfying the requirements of the Act, not, possibly much later, upon the completion of state-court proceedings." *Id.* at 1089–90. The limitation right requires assurances at the outset from everyone whose claims could obstruct it, those courts reason, and that includes other tortfeasors no less than the tort victims.

We need not take a position in that circuit conflict because even apart from the indemnity and contribution claims, Petrich and the insurers are also additional claimants because of their claims for attorney's fees. The courts of appeals are in agreement that, absent a stipulation, a party seeking attorney's fees is a separate claimant. *See Dammers*, 836 F.2d at 756 ("It is . . . well settled that the potential for claims for attorneys' fees or costs against a shipowner by a claimant or a third party creates a multiple claimant situation . . . ."); *accord Gorman*, 2 F.3d at 525; *In re Port Arthur Towing Co.*, 42 F.3d 312, 316 (5th Cir. 1995) (per curiam); *S & E Shipping*, 678 F.2d at 646; *Universal Towing*, 595 F.2d at 419; *Beiswenger*, 86 F.3d at 1040. Attorney's fees are "separate from any claims for liability," so they are not derivative of the injured party's claim. *S & E Shipping*,

678 F.2d at 646. They simply add to the sum that the claimants seek.

Despite the presence of new claimants, Willis contends that she is still the only claimant because we previously decided that she was, and that decision is law of the case. The law-of-the-case doctrine "precludes a court 'from reconsidering an issue previously decided by the same court, or a higher court in the identical case.'" *Manufactured Home Cmtys., Inc. v. County of San Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011) (quoting *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)). But the doctrine does not apply where, as here, "the evidence on remand is substantially different." *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1034 (9th Cir. 2015) (quoting *United States v. Renteria*, 557 F.3d 1003, 1006 (9th Cir. 2009)); *see also Manufactured Home Cmtys.*, 655 F.3d at 1181. When we held that this case involved a single claimant, that was because only Willis had asserted a claim, so "the record reflect[ed] that this is a single claim case." *Williams Sports Rentals*, 786 F. App'x at 106. The record no longer reflects that, and we are not required to pretend that it still does.

Willis also argues that we should disregard the new claimants because she considers their claims to be "shams." But the merits of the state-court claims are not before us. The limitation right attaches "upon the filing of [the] petition for limitation in federal district court," not "upon the completion of state-court proceedings." *Holly Marine Towing*, 270 F.3d at 1089–90. Whether or not the state-court litigation produces an outcome in WSR's favor, the proceedings would obstruct its limitation right along the way.

Because the state-court lawsuit leaves the prospects of limitation uncertain, the district court did not abuse its

discretion in granting an injunction. With a limitation fund of $5,000 to cover pending claims for wrongful death, survival, indemnity, contribution, and attorney's fees, the district court could fairly conclude that an injunction was necessary to protect WSR's limitation right.

## III

The remaining question is the scope of the injunction. The district court enjoined "[t]he continued prosecution of any legal proceedings of any nature, except in the present proceeding, in respect to any claim arising from the 2016 incident described in the complaint" until the conclusion of the limitation action. On its face, the injunction prohibits Willis from proceeding in state court on her claims against any party. She contends that this restriction is overbroad. Under the Anti-Injunction Act, she argues, the district court could not enjoin her from proceeding against anyone other than the vessel's owner, WSR. We agree.

The Anti-Injunction Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The statute is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within" one of the statutory exceptions. *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1100 (9th Cir. 2008) (quoting *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).

WSR relies on the exception for injunctions "expressly authorized by Act of Congress," 28 U.S.C. § 2283, arguing that the Limitation Act provides such authorization. But although Limitation Act injunctions fall within the

exception, *see Mitchum v. Foster*, 407 U.S. 225, 234 & n.13 (1972), the Limitation Act does not authorize the breadth of the injunction here. Instead, it provides for an injunction whereby "all claims and proceedings *against the owner* related to the matter in question shall cease." 46 U.S.C. § 30529(c) (emphasis added); *see also* Fed. R. Civ. P. Supp. R. F(3) ("On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding *against the plaintiff or the plaintiff's property* with respect to any claim subject to limitation in the action." (emphasis added)). Thus, the Limitation Act authorizes an injunction only of proceedings "against the owner," and the only owner here is WSR.

WSR argues that Smith and Petrich also qualify as owners because the statute defines "owner" to "include[] a charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own procurement." 46 U.S.C. § 30501(2). But although Smith and Petrich rented the jet ski, they were not charterers under the terms of the statute. Petrich in no way "navigate[d]" the jet ski involved in the accident; the rental covered two jet skis, and he rode the other one. *Id.* And neither Smith nor Petrich "supplie[d]" the jet ski with gas, life jackets, or any other equipment. *Id.*; *see also Calkins v. Graham*, 667 F.2d 1292, 1296 (9th Cir. 1982) (holding that an agent of a vessel's owner was not a statutory charterer when there was "no evidence" that the agent "manned, victualled or navigated" the vessel); *In re American Milling Co.*, 409 F.3d 1005, 1007, 1017 (8th Cir. 2005) (holding that a contractor was not a statutory charterer when it "did not provide ship-related supplies, parts for repairs, or fuel"); *cf. In re United States*, 259 F.2d 608, 609 (3d Cir. 1958) (holding that a contractor was a statutory charterer when he agreed to

"equip, fuel, supply, maintain, man, victual and navigate the tankers").

Nor does the rental agreement present the "clear picture of exclusive possession and management" characteristic of a Limitation Act charterer. *In re United States*, 259 F.2d at 609; *see also* 2 Thomas J. Schoenbaum, *Admiralty & Maritime Law* § 11:3, at 10 (6th ed. 2018) (explaining that an "essential characteristic" of a covered charter "is that the entire command and possession of the vessel be turned over to the charterer"); *id.* § 15:2, at 190–91. The agreement bound Smith and Petrich to comply with "all of Williams Sports Rentals, Inc. requirements, rules and instructions governing the use of [the company's] vessels." According to WSR, those requirements dictated who could ride the jet ski and how and where they could do so. Essentially, Smith and Petrich paid to participate in a tourist activity that WSR designed. WSR did not surrender "complete control and dominion" of the jet ski to the renters by empowering them to decide where within a restricted area to ride. *Admiral Towing Co. v. Woolen*, 290 F.2d 641, 645 (9th Cir. 1961); *see also American Milling*, 409 F.3d at 1014 ("[W]e should not ascribe owner status to a party merely based on the fact that it performed functions of master or crew.").

WSR also argues that, even if the state-court litigants are not owners, the district court may still enjoin proceedings against them under our decision in *Paradise Holdings*. In that case, we affirmed the grant of an injunction that stayed state-court proceedings against both the owner of a vessel and its captain, who had a common insurance policy. 795 F.2d at 762–63. We acknowledged that the text of the Limitation Act did not clearly support that result. *Id.* at 761–62. But we explained that a "major purpose" of the statute "is to permit the shipowner to retain the benefit of his

insurance." *Id.* at 762; *see also Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 422–23 (1954) (plurality opinion) (enjoining a separate lawsuit by claimants against the insurer of a vessel owner to preserve the owner's "right to indemnification" in the limitation proceeding). We therefore upheld the injunction to prevent a state-court judgment against the captain from depleting the coverage available to the owner in the limitation proceeding. 795 F.2d at 762–63.

*Paradise Holdings* has no application here. WSR does not claim to have an insurance policy with Smith, Petrich, Zip, or any other party to the state-court action. A judgment against those parties would not deplete WSR's insurance or impair WSR's right to limit its liability. The only way that the state-court parties could deplete any of the funds available to WSR is through their claims against WSR. An injunction that prohibits the adjudication of those claims outside the limitation action gives WSR all the protection that the statute provides.

The broader injunction that the district court imposed prevents Willis from pursuing her claims against parties that have not established or even attempted to assert any right to limitation in federal court. That restriction would "transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights." *Lake Tankers Corp.*, 354 U.S. at 152. It would also contravene the traditional limits on the remedial authority of federal courts. We have long understood that our role is to "render a judgment or decree upon the rights of the litigant[s]." *Rhode Island v. Massachusetts*, 37 U.S. (12 Pet.) 657, 718 (1838). We "may not attempt to determine the rights of persons not before the court," nor may we redress their potential injuries. *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983); *see also Lewis v.*

*Casey*, 518 U.S. 343, 357 (1996) ("The remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established."); *DHS v. New York*, 140 S. Ct. 599, 600 (2020) (mem.) (Gorsuch, J., concurring in the grant of stay) ("Equitable remedies, like remedies in general, are meant to redress the injuries sustained by a particular plaintiff in a particular lawsuit."). The only plaintiff in the federal lawsuit is WSR, so the district court could redress the injury only to WSR's limitation right, not the limitation rights that WSR professes others to have. WSR could not "rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991). Nor could the district order relief on behalf of parties who never asked for it.

The non-party-specific injunction that the district court awarded exceeds its authority, so we vacate and remand with instructions to narrow the injunction to proceedings against WSR, the only plaintiff in the limitation action. Willis is allowed to "pursue [her] common law remedy, hampered to the extent only of the limitation on the liability of the opposing party." *The Helen L.*, 109 F.2d 884, 886 (9th Cir. 1940).

**VACATED and REMANDED.**